UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**CORA BROTHERS,**

                       **Plaintiff,**

                           v.                    1: 04-CV-1201

**WILLIAM HEBERT, JOHN DOES NUMBER
ONE THROUGH FIVE, and THE UNITED
STATES DRUG ENFORCEMENT AGENCY,**

                       **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Elmer Robert Keach, III, Esq.
One Stueben Place
Albany, New York 12207
Attorney for Plaintiff

Glenn T. Suddaby, United States Attorney
Barbara D. Cottrell, Esq., Assistant United States Attorney
James T. Foley United States Courthouse
445 Broadway, Room 218
Albany, New York 12207-2924

**Hon. Norman A. Mordue, D.J.:**

### MEMORANDUM-DECISION AND ORDER

### BACKGROUND

This action stems from a search of plaintiff's home pursuant to a federal search warrant. Plaintiff claims that defendants, state and federal law enforcement personnel, executed the warrant improperly, thus infringing her federal constitutional and statutory rights and causing her to sustain damage. The complaint, filed October 18, 2004, sets forth causes of action under 42 U.S.C. § 1983, the Federal Tort Claims Act, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On June 23, 2005, defendants moved to dismiss or for summary judgment. On July 21, 2005, United States Magistrate Judge David R. Homer signed an order directing defendants to provide plaintiff with the names of the officers who participated in the search, and staying all further discovery until decision on the defendants' motion. Thereafter, defendants disclosed that Special Agent Ronald N. Arp from defendant United States Drug Enforcement Agency ("DEA") was present and in charge at the time the warrant was executed. On November 10, 2005, plaintiff cross-moved for leave to amend the complaint and join Arp as an additional party.

## DISCUSSION

**Dismissal pursuant to Fed. R. Civ. P. 12(b)(6)**

In addressing defendants' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), the Court accepts as true the factual allegations of the complaint and draws all inferences in favor of the plaintiff. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle her to relief. *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).

Defendants first argue that they are entitled to dismissal of the *Bivens* and section 1983 claims on the ground of qualified immunity. Government officials performing discretionary functions enjoy a qualified immunity shielding them from civil damages liability as long as they could reasonably have thought their actions were consistent with the rights they are alleged to have violated. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Here, accepting plaintiff's version of events – that is, that defendants deliberately executed the warrant in an unnecessarily threatening and destructive manner – defendants could not reasonably have believed that their

conduct was consistent with plaintiff's rights. Accordingly, defendants are not entitled to dismissal on the ground that plaintiff can prove no set of facts which would not be precluded by the doctrine of qualified immunity.

Defendants next contend that as a matter of law plaintiff fails to state a claim against defendant William Hebert, a DEA Special Agent. Defendants rely on the well-established principle that *Bivens* and section 1983 claims must be based on the personal involvement of the defendant and cannot be based on *respondeat superior*. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004); *Cuoco v. Moritsugu,* 222 F.3d 99, 110 (2d Cir. 2000). However, plaintiff states claims against Hebert founded not on *respondeat superior* but rather on Hebert's alleged conduct in establishing policies and procedures and in hiring, screening, training and supervising DEA officers. *See generally Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). Such allegations are sufficient to state a claim. It cannot be said that it appears beyond doubt that plaintiff can prove no set of facts which would entitle her to relief against Hebert.

Plaintiff also asserts a cause of action against DEA under the Federal Tort Claims Act ("FTCA"), grounded on the allegation that, in raiding plaintiff's home, John Does Number One through Five caused serious damage to her home and personal property. Under FTCA, the United States government may be held civilly liable for non-constitutional torts committed by federal employees acting within the scope of their employment. *See generally Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991). Defendants point out that the complaint alleges that the John Doe defendants are employees of the Troy Police Department. Thus, defendants argue, they are not federal employees and the United States cannot be liable for their actions. The complaint also alleges, however, that the individual defendants "acted within the scope of their authority to

-3-

act as public servants for the United States Drug Enforcement Agency." Thus, the complaint may be read to allege that the John Doe defendants acted as DEA deputies or otherwise acted as federal agents.

Defendants further challenge the FTCA claim on the ground that the complaint characterizes the wrongful acts of the individual defendants solely as constitutional violations, and makes no allegation of non-constitutional violations. It is true that FTCA authorizes governmental liability only for non-constitutional torts committed by federal employees. *See id*. Although the complaint is not clearly worded in this respect, the Court reads the complaint generously as is required on a Rule 12(b)(6) motion, and concludes that it does not appear beyond doubt that plaintiff can prove no set of facts which would entitle her to relief under FTCA.

The other arguments raised by defendants do not warrant dismissal under Rule 12(b)(6).

**Summary judgment**

A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in the nonmovant's favor, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989). If the nonmovant fails to carry this burden, summary judgment is appropriate. *See Celotex,* 477 U.S. at 323. Summary judgment dismissing a claim should only be granted where, "<u>after adequate time for discovery</u> ... [the nonmoving party] fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322 (emphasis added); *accord Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

Here, in arguing in favor of summary judgment, defendants rely on factual affirmations from DEA Special Agents Hebert, Arp, and Timothy L. Estep, as well as a DEA investigatory file. In July 2005, however, Magistrate Judge Homer stayed all discovery, except insofar as defendants were required to provide plaintiff with names of the officers who participated in the search. Thus, plaintiff has not had an opportunity to conduct discovery. Under the circumstances of this case, a motion for summary judgment is premature. So much of defendants' motion as seeks summary judgment is denied without prejudice.

**Amendment of complaint**

Plaintiff's motion to amend the complaint and to join Ronald N. Arp as a defendant is granted. Plaintiff may serve and file an amended complaint in the same form as the proposed amended complaint accompanying her cross motion (Dkt. No. 24).

**Representation of plaintiff**

By letter dated September 28, 2005 (Dkt. No. 23), plaintiff's counsel states that he plans to withdraw from representation of plaintiff and that plaintiff has indicated her willingness to proceed *pro se*. If plaintiff's counsel still intends to request leave to withdraw, the Court directs that any such request be made in District Court.

**CONCLUSION**

It is therefore

ORDERED that defendants' motion is denied; and it is further

ORDERED that plaintiff's cross motion is granted and plaintiff has leave to serve an amended complaint in the same form as the proposed amended complaint accompanying her cross motion (Dkt. No. 24); and it is further

ORDERED that plaintiff file and serve the amended complaint within twenty (20) calendar days of the date of this order; and it is further

ORDERED that any motion by plaintiff's counsel to withdraw from representation of plaintiff or to substitute other counsel be made before District Court.

IT IS SO ORDERED.

December 30, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge